*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN WASENKO,

        Plaintiff/Appellant/Cross-Appellee,

v

THE AUTO CLUB GROUP,

        Defendant,

and

NABIH AYAD,

        Appellee,

and

AYAD LAW, PLLC,

        Appellee/Cross-Appellant.

FOR PUBLICATION
July 20, 2023

No. 361452
Wayne Circuit Court
LC No. 19-016381-NF

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

SHAPIRO, J. (*dissenting*).

      I respectfully dissent.

      While I agree with the majority that the trial court erred by relying on MCL 500.3148(4), and that the issue is one of contract, I would conclude that Ayad Law, PLLC, is entitled to a fee equal to ⅓ of the net recovery at the time of the settlement and no more.

      First, the contract—drafted by Ayad—does not make clear that as to future benefits, plaintiff will have to pay ⅓ of those benefits to Ayad in perpetuity, and thereby reduce the many services he requires for the rest of his life by that ⅓. To the contrary, the contractual language appears to unambiguously support plaintiff's position. The contract does not mention future

-1-

benefits as a potential "recovery" in the case. To the degree the contract does define "recovery," it is clearly limited to money damages and not any promise of future benefits. The contract states that Ayad is being retained to "investigate, bring suit and/or settle a claim for *damages*," and that "[t]he contingency fee pays for all attorney services related to the *damages* claim only." (Emphasis added). The only *damages* recovered in the settlement were for the past benefits.[1]

Second, a contract binding a client to pay ⅓ of the funds needed for his medical care *for the rest of his life* should be as clear and explicit as possible and not hide behind undefined terms like "entire recovery." Further, a contract including such explicit language would have to be carefully reviewed within the context of the underlying facts to determine if it was unconscionable or unethical, and, thus, whether it was enforceable.[2]

Even assuming the contract should be read as Ayad urges, and assuming it is enforceable, Ayad has not obtained a recovery for plaintiff beyond the $ 251,523 that The Auto Club Group paid at the time of settlement for past benefits. The settlement agreement does not require Auto Club to pay future benefits. In fact, it clearly provides Auto Club with the right to dispute any claims arising after July 1, 2021. There is no indication in the settlement agreement that Auto Club waived its future claims regarding fraud,[3] and Auto Club explicitly stated on the record it was not forfeiting any future claims of fraud arising after July 1, 2021, which Ayad acknowledged. Any future payments for attendant care services after July 1, 2021, are not part of the "recovery" from the settlement agreement negotiated by Ayad. Thus, Ayad was entitled to ⅓ of the "entire recover[y]" from the settlement, i.e., ⅓ of $251,523. Any future disputed claims for attendant care services or fraud have not been resolved by the settlement agreement, and therefore do not constitute the "entire recover[y]" as contemplated by the contingency fee agreement.[4]

Because Ayad is not entitled to any additional fees, I would reverse the trial court's order and remand, directing the trial court to enter a judgment for plaintiff.

/s/ Douglas B. Shapiro

---

[1] Even if the contract was viewed as ambiguous, it should be construed against Ayad as the drafter. See *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 470; 663 NW2d 447 (2003).

[2] Contracts are "to be enforced as written unless the provision violates the law or public policy or is otherwise unenforceable under traditional contract defenses, including duress, waiver, estoppel, fraud, or unconscionability." *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 30; 772 NW2d 801 (2009).

[3] The only fraud claims Auto Club abandoned were those relevant to the past benefits paid under the settlement.

[4] Consider the following situation: Should Auto Club refuse to pay benefits in the future, and plaintiff must hire another attorney under a contingent agreement to bring suit, Ayad's view would require that plaintiff surrender ⅔ of his future benefits, since two different attorneys would each be entitled to ⅓.